# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2013

Lyle W. Cayce
Clerk

No. 12-10339
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEMARCUS SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-111-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Demarcus Smith appeals from his conditional guilty plea conviction for felony possession of a firearm, arguing that the district court erred by denying his motion to suppress. We hold that, pursuant to a waiver contained in his plea agreement, Smith has waived all arguments raised in his briefs other than those relating to "his specific Fourth Amendment claim that the police officers' initial encounter with him was an unlawful detention." *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992) (holding that a defendant may waive his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary).

In reviewing the denial of a suppression motion, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). In making its determination, this court may consider all of the evidence presented with regard to the suppression motion in the light most favorable to the prevailing party, which in this case is the Government. *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

The legality of a traffic stop is analyzed under the two-part test articulated in *Terry v. Ohio*, 392 U.S. 1, 18-20 (1968). *Lopez-Moreno*, 420 F.3d at 430. The court must evaluate (1) whether the officer's action was "justified at its inception," and (2) whether the officer's subsequent actions were "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* (internal quotation marks and citation omitted).

Smith fails to show that the district court clearly erred by crediting the testimonies of Dallas Police Department Officers Darrell Womack and Jason Kimpel stating that they had witnessed Smith commit two traffic violations prior to the stop at issue. *Id.* at 429. As for Smith's argument that the traffic stop was merely pretextual, such arguments based upon the motivations of officers are foreclosed. *See Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (en banc). Because the officers

witnessed traffic violations committed by Smith, the traffic stop was justified at its inception. *See Lopez-Moreno*, 420 F.3d at 430.

Smith fails to show that the officers' act of pulling their vehicle behind Smith's was not reasonably related to the traffic stop. *See id.* Even if the officers had drawn their weapons, which they denied having done, "the mere act of drawing or pointing a weapon during an investigatory detention does not cause it to exceed the permissible bounds of a *Terry* stop or to become a de facto arrest." *United States v. Sanders*, 994 F.2d 200, 207 (5th Cir.1993). Although Smith contends that certain questions posed by Officer Womack were improper, the mere posing of these questions did not violate Smith's Fourth Amendment rights. *See United States v. Brigham*, 382 F.3d 500, 508 (5th Cir. 2004) (en banc). Moreover, Officer Kimpel's running of a computer check on Smith's driver's license, during which Kimpel discovered that the license was suspended, was permissible as part of a valid traffic stop. *See Brigham*, 382 F.3d at 507-08. Smith fails to show that the district court erred by holding that the traffic stop at issue did not violate his Fourth Amendment rights. *See Lopez-Moreno*, 420 F.3d at 429-30.

AFFIRMED.